UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

USAA LIFE INSURANCE COMPANY,

    Plaintiff/Interpleader,

v.

    Case No. 10-11744

    Honorable Patrick J. Duggan

THE CONRAD T. COEN REVOCABLE
LIVING TRUST, CHRISTOPHER COEN,
STEPHEN C. ALBERY, and CLAUDIA
FREEDMAN,

    Defendants.
    _____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on_December 30, 2010.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

USAA Life Insurance Company ("USAA") filed this interpleader action to resolve competing claims to an annuity, naming as claimant-defendants The Conrad T. Coen Revocable Living Trust dated May 19, 1983 ("Trust"), Christopher Coen ("Coen"), Claudia Freedman, and the Trust's appointed receiver, Stephen C. Albery. Presently before the Court is Albery's Motion for Summary Judgment, filed September 17, 2010. Also before the Court are a variety of *pro se* motions filed by Coen, including: (1) a motion for partial summary judgment; (2) a motion to include the Trust's financial trustee, Michael Locricchio, as a party; (3) a motion to assess Coen's costs and attorney's fees to

either the Trust or Locricchio; and (4) a motion to vacate a consent order dismissing Claudia Freedman from this action. The Court heard oral argument on December 15, 2010, and for the reasons stated below, grants Albery's Motion for Summary Judgment and denies Coen's motions.

## I. Factual and Procedural Background

The Trust has as its co-trustees the four children of Conrad T. Coen: Christopher Coen, Corinne Coen, Charity Kendall (formerly Catherine Coen), and Claudia Freedman. Accountant Michael Locricchio, the Trust's financial trustee, makes investment and administrative decisions on behalf of the other co-trustees.

Under the Trust's provisions, the grantor's death triggered the distribution of Trust assets to various members of his family, including the four trustee children. Section 2.5A.1 required the financial trustee to use one-half of Christopher Coen's share of the distribution to purchase an annuity policy for his benefit from USAA, a Texas-based insurer. The Trust provided that the policy purchased must be "deferred, fixed, for life and with no period certain." On March 17, 2006, in accordance with this provision, Locricchio purchased such an annuity (called a Personal Pension Annuity) for Coen's benefit, sending USAA two checks totaling $170,846.27. Coen filled out an application for the annuity, and the contract became effective on March 19, 2006. *See* Albery Mot. Ex. J at 3.

After distribution of the Trust property, a dispute arose over the payment of certain Trust administration expenses. The co-trustees agreed to arbitrate the dispute. On July 9, 2008, arbitrator Lauren Underwood issued a thirty-four page decision in the matter, ruling

2

that Coen owed the trust $18,693.75.[1] On March 3, 2009, Judge Elizabeth Pezzetti of the Oakland County Probate Court entered an order confirming the arbitrator's award. Coen alleges that due to legal fees incurred during arbitration, he lacked sufficient funds to make this payment. Underwood responded by filing a petition with the probate court on July 24, 2009 to compel Coen to liquidate the USAA annuity. Underwood also served a copy of this petition on USAA. Coen argued that he was unable to liquidate the annuity, and therefore could not repay the Trust. USAA notified Underwood that Texas law prohibited enforcement of the March 3, 2009 order. The probate court granted Underwood's petition, appointing a receiver, Albery, to execute any and all documents required to liquidate the annuity. On February 12, 2010, Albery sent a letter to USAA's counsel, seeking the documents or forms required to liquidate the annuity.

On April 29, 2010, USAA filed this interpleader action pursuant to 28 U.S.C. § 1335, naming the Trust, Coen, Freedman, and Albery as claimant-defendants. USAA contends that it faces competing claims to the annuity. Albery claims authority to liquidate the annuity as the Trust's appointed receiver. USAA argues that Coen will likely claim the annuity under Texas law, which exempts the proceeds of an insurance policy or annuity contract from garnishment, attachment, execution, or other seizure. *See* Texas Insurance Code § 1108.051. USAA claims that it is a disinterested party, and requests that the Court discharge it from suit and relieve it of any liability asserted by the claimants. Freedman, who claims no interest in the annuity, has already been dismissed from this action pursuant

---

[1] The arbitrator's decision also required payments to the Trust by Locricchio, Corinne Coen, and Charity Kendall, but these payments are irrelevant to the issue at hand.

to a consent order entered on October 4, 2010.

Albery filed a Motion for Summary Judgment on September 17, 2010, asserting that Michigan law controls, and requires the annuity's liquidation. Alternatively, he argues that even if Texas law controls, Texas Insurance Code § 1108.053(1) provides an exception to the exemption where a premium payment is made "in fraud of a creditor." Albery asserts that Coen's attempts to unlawfully retain Trust assets constitute fraud, and therefore, the annuity is not exempt from seizure. Albery concludes that USAA faces no competing claims, and must liquidate the annuity.

Coen filed a Motion for Partial Summary Judgment on September 16, 2010, arguing that his claim to the annuity prevails, as Texas law exempts the annuity from attachment, execution, garnishment, or seizure. He asserts that because USAA was not a party to the Oakland County Probate Court action, that court lacked jurisdiction over USAA. Coen concludes that the probate court's order requiring liquidation is invalid and unenforceable.

Also pending before this Court are several other motions filed by Coen. He has moved to include Locricchio as a party, arguing that this interpleader action resulted from Locricchio's wrongful distribution of Trust assets. Coen also seeks an order requiring either Locricchio or the Trust to pay his costs and attorney's fees in this action. Finally, Coen has moved to vacate the consent order dismissing Freedman from this action, arguing that her presence is required to resolve his motion for costs and attorney's fees.

## II. Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ.

4

P. 56(a).  The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986).  After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).  The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323, 106 S. Ct. at 2553.

Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986).  To demonstrate a genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant; a "scintilla of evidence" is insufficient.  *Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512.  The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor.  *Id.* at 255, 106 S. Ct. at 2513.  The inquiry is whether the evidence presented is such that a jury applying the relevant evidentiary standard could "reasonably find for either the plaintiff or the defendant." *Id.*, 106 S. Ct. at 2514.

### III. Albery's Motion for Summary Judgment

"[T]he federal interpleader statute is merely a special brand of diversity jurisdiction." *Whirlpool Corp. v. Ritter*, 929 F.2d 1318, 1320 (8th Cir. 1991) (citing *Griffin v. McCoach*,

5

313 U.S. 498, 503, 61 S. Ct. 1023, 1025-26 (1941)). In diversity cases, a federal court applies the substantive law of the state in which the court sits, including choice of law rules. *Mill's Pride, Inc. v. Cont'l Ins. Co.*, 300 F.3d 701, 704 (6th Cir. 2002). Michigan choice of law rules therefore apply.

Under Michigan choice of law rules, Michigan substantive law is presumed to apply unless a rational reason to do otherwise exists. *Sutherland v. Kennington Truck Serv.*, 454 Mich. 274, 286, 562 N.W.2d 466, 471 (Mich. 1997). The Court undertakes a two-part analysis, first determining whether another state has an interest in having its law applied. *Id.* If no other state has such an interest, Michigan law is applied. *Id.* If another state has an interest, the Court must "determine if Michigan's interests mandate that Michigan law be applied, despite the foreign interests." *Id.*

Texas has no interest in having its law applied here. Coen admits that the trust funds used to purchase the annuity were wrongfully distributed. Coen Br. Supp. Mot. Am. 2. Texas has no interest in allowing Coen, who is not a Texas resident, to retain such funds. Thus, Texas has no interest in protecting the proceeds of the annuity from Coen's creditors. Accordingly, the Court applies Michigan substantive law.

Michigan statute provides that "a distributee or claimant that receives property that is improperly distributed or paid from a trust shall return the property and any income and gain from the property since distribution, if the recipient has the property." Michigan Compiled Laws § 700.7813(3). The probate court determined that Trust property was wrongfully distributed; it must be returned if Coen has it. At the hearing, USAA agreed that Coen, the annuity's owner, may liquidate the annuity if he makes a written request for

modification of the contract terms.  Because Coen is the annuity's owner and can request its liquidation, the Court concludes that Michigan law requires him to return the improperly distributed Trust property.  Coen has indicated that he has no intention of liquidating the annuity, and for that reason, the probate court appointed Albery to act in his place.  As Coen is entitled to liquidate the annuity, Albery may also do so.  USAA must therefore comply with Albery's request.  Accordingly, the Court concludes that Albery's Motion for Summary Judgment should be granted.

### IV. Coen's Motion for Partial Summary Judgment

Coen argues that the Oakland County Probate Court's order requiring liquidation of the annuity is invalid and unenforceable, because (1) Texas law exempts the annuity from seizure, and (2) the probate court lacked jurisdiction over USAA.  Neither argument has merit.  Michigan law controls, and requires the return of the trust property at issue.  The probate court's order allows Albery to "execute any and all documents to effectuate the liquidation" of the annuity.  Albery Mot. Ex. M at 2.  Albery may act in Coen's place and request liquidation of the annuity; this does not implicate the Texas insurance statute.  As for Coen's jurisdiction argument, there is no indication that the probate court attempted to exercise jurisdiction over USAA.  Rather, the probate court appointed Albery to act in Coen's place and exercise Coen's rights under the annuity contract.  Coen's Motion for Partial Summary Judgment must therefore be denied.

### V. Coen's Remaining Motions

Coen has moved to make Locricchio a party to this interpleader action.  Having determined that Albery's claim to the annuity prevails, the Court concludes that Coen's

7

motion must be denied as moot. Coen argues that Locricchio is liable to him based on wrongful distribution of Trust property, but has yet to file a claim against him.

Coen has moved for an order requiring either Locricchio or the Trust to pay his costs and attorney's fees arising from this interpleader action, based on his claim of wrongful distribution of Trust assets. Coen has failed to cite any legal authority in support of this request. Because there are no claims against Locricchio or the Trust pending before this Court, the motion must be denied.

Finally, Coen has filed a motion to vacate the consent order dismissing Claudia Freedman from this action and withdrawing the Trust's Answer. Coen asserts that the presence of both Freedman and the Trust are necessary to resolve his motion for costs and attorney's fees. Having denied Coen's motion for costs and attorney's fees, the Court concludes that the motion to vacate the consent order is now moot, and must be denied.

## VI. Conclusion

For the reasons set forth above,

**IT IS ORDERED** that Christopher Coen's Motion for Partial Summary Judgment is **DENIED**;

**IT IS FURTHER ORDERED** that Christopher Coen's Motion to Make Michael Locricchio a Party to this Action is **DENIED**;

**IT IS FURTHER ORDERED** that Christopher Coen's Motion to Amend the Motion to Make Michael Locricchio a Party to this Action is **DENIED**;

**IT IS FURTHER ORDERED** that Christopher Coen's Motion for the Conrad T.

Coen Trust Financial Trustee Michael Locricchio and/or the Conrad T. Coen Revocable Living Trust Pay Costs and Attorney's Fees is **DENIED**;

**IT IS FURTHER ORDERED** that Christopher Coen's Motion to Vacate Consent Order Dismissing Claudia Freedman and Withdrawing the Answer of the Conrad T. Coen Revocable Living Trust is **DENIED**;

**IT IS FURTHER ORDERED** that Stephen C. Albery's Motion for Summary Judgment is **GRANTED**, and a separate Order consistent with this Opinion and Order shall be submitted for entry by the Court, directing USAA to liquidate Coen's annuity.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Ebony L. Duff, Esq.
Stephen C. Albery, Esq.
John A. Ruemenapp, Esq.

Christopher Coen
PO Box 10743
Fargo, ND 58106