UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

USAA LIFE INSURANCE COMPANY,

    Plaintiff/Interpleader,

v.

Case No. 10-11744

Honorable Patrick J. Duggan

THE CONRAD T. COEN REVOCABLE
LIVING TRUST, CHRISTOPHER COEN,
STEPHEN C. ALBERY, and CLAUDIA
FREEDMAN,

    Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on_February 25, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

USAA Life Insurance Company ("USAA") filed this interpleader action to resolve competing claims to an annuity, naming as claimant-defendants The Conrad T. Coen Revocable Living Trust dated May 19, 1983, Christopher Coen ("Coen"), Claudia Freedman, and the Trust's appointed receiver, Stephen C. Albery. Albery filed a Motion for Summary Judgment, and the Court heard oral arguments on December 15, 2010.[1] The

---

[1] Although Coen arrived after this hearing had concluded, he had filed a Motion for Partial Summary Judgment as well as a response to Albery's Motion for Summary Judgment. The Court considered these filings in making its decision.

Court subsequently granted Albery's Motion in an Opinion and Order dated December 30, 2010.  Before the Court is Coen's Motion to Vacate Judgment, dated December 22, 2010, and filed with this Court on January 4, 2011.  For the reasons stated below, the Court denies the Motion.

Coen asks the Court to schedule new hearings "on all motions" and vacate its Order granting summary judgment for Albery.  Although Coen's Motion does not reference a specific rule of the Federal Rules of Civil Procedure, it was filed within the time period defined by Rule 59(e).[2]  The Court therefore concludes that the Motion should be construed as a motion to alter the judgment under Rule 59.  *See Vance v. United States*, 90 F.3d 1145, 1148 n.2 (6th Cir. 1996) (construing "motion to vacate summary judgment" as a motion to alter judgment).  A motion to alter a judgment pursuant to Rule 59 may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice.  *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

In his Motion, Coen argues that Texas law exempts the annuity from seizure, and that the Michigan probate court could lacked jurisdiction over USAA.  Coen also contends that he cannot liquidate the annuity, and therefore, Albery cannot do so in his place.  These are essentially the same arguments Coen raised in opposing summary judgment, and the Court addressed them in its Opinion and Order dated December 30, 2010.  In that Opinion and Order, the Court held that Michigan choice of law rules govern this action, and under

---

[2] "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).

those rules, Michigan substantive law applies. 12/30/10 Op. & Order at 6. USAA agreed at the hearing that Coen could liquidate the annuity by requesting modification of its terms. Michigan law therefore requires Coen to liquidate the annuity and return the proceeds. *Id.* at 7. Because Coen could liquidate the annuity, and the probate court ordered Albery to act in Coen's place, this Court held that Albery is entitled to liquidate the annuity. *Id.* Finally, as there is no indication that the probate court attempted to exercise jurisdiction over USAA, the Court held that Coen's jurisdictional argument lacked merit. *Id.*

The Court has carefully considered Coen's arguments, but finds no defect in its original conclusions. Because Coen has failed to establish grounds for reversal under Federal Rule of Civil Procedure 59, his Motion to Vacate Judgment must be denied.

Accordingly,

**IT IS ORDERED** that Christopher Coen's Motion to Vacate Judgment is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Ebony L. Duff, Esq.
Stephen C. Albery, Esq.

Christopher Coen
PO Box 10743
Fargo, ND 58106