UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

USAA LIFE INSURANCE COMPANY,

    Plaintiff/Interpleader,

v.

    Case No. 10-11744

THE CONRAD T. COEN REVOCABLE
LIVING TRUST, CHRISTOPHER COEN,
STEPHEN C. ALBERY, and CLAUDIA
FREEDMAN,

    Honorable Patrick J. Duggan

    Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 22, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

USAA Life Insurance Company ("USAA") filed this interpleader action to resolve competing claims to an annuity, naming as claimant-defendants The Conrad T. Coen Revocable Living Trust dated May 19, 1983, Christopher Coen ("Coen"), Claudia Freedman, and the Trust's appointed receiver, Stephen C. Albery. Albery filed a Motion for Summary Judgment, and in an Opinion and Order dated December 30, 2010, the Court granted Albery's motion. The Court directed Albery to submit a proposed order requiring USAA to liquidate the annuity at Albery's request. This order was submitted to the Court and issued on February 4, 2011. That same day, the Court entered judgment in favor of

Albery. Coen filed a motion to vacate the judgment, which this Court denied in an Opinion and Order dated February 25, 2011.

Before the Court are two motions filed by Coen. On March 7, 2011, Coen filed a "Motion to Vacate February 4, 2011 Judgment," arguing that Albery cannot liquidate the annuity, as he stands in Coen's place. Coen contends that Albery may only *request* liquidation, and that USAA may then accept or reject his request. On April 5, 2011, Coen filed a "Motion to Amend Motion to Vacate February 4, 2011 Judgment" pursuant to Federal Rule of Civil Procedure 59(e), seeking to remove language from the judgment stating that "an Order shall issue directing USAA to liquidate the annuity at Albery's request." Coen again asserts that neither Albery nor Coen may liquidate the annuity, and may only request liquidation according to the annuity contract.

The Court construes Coen's "Motion to Vacate February 4, 2011 Judgment" as a motion to alter the judgment under Rule 59. *See Vance v. United States*, 90 F.3d 1145, 1148 n.2 (6th Cir. 1996) (construing "motion to vacate summary judgment" as a motion to alter judgment). Thus, both of Coen's motions arise under Rule 59. A motion to alter a judgment pursuant to Rule 59 may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

Coen argues that USAA may either accept or reject Albery's request to liquidate the annuity. At the December 15, 2010 hearing on Albery's motion for summary judgment, however, USAA agreed that it would liquidate the annuity at Coen's request. USAA's agreement also applies to a request from Albery, as he has the authority to act in Coen's

2

place pursuant to the Michigan probate court's order.  USAA has agreed to liquidate the annuity, and could not now refuse to honor such a request.  The Court concludes that it did not err in ordering USAA to honor Albery's request.  Coen's motions to alter the judgment must therefore be denied.

Accordingly,

**IT IS ORDERED** that Christopher Coen's Motion to Vacate February 4, 2001 Judgment is **DENIED**;

**IT IS FURTHER ORDERED** that Christopher Coen's Motion to Amend Motion to Vacate February 4, 2011 Judgment is **DENIED**.

                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:

Ebony L. Duff, Esq.
Stephen C. Albery, Esq.

Christopher Coen
PO Box 10743
Fargo, ND 58106