UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

USAA LIFE INSURANCE COMPANY,

      Plaintiff,

v.

THE CONRAD T. COEN REVOCABLE
LIVING TRUST, CHRISTOPHER COEN,
STEPHEN C. ALBERY, and CLAUDIA
FREEDMAN,

      Defendants.
      _____/

Case No. 10-11744

Honorable Patrick J. Duggan

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 14, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

On April 29, 2010, USAA Life Insurance Company ("USAA") filed this interpleader action to resolve competing claims to an annuity, naming as claimant-defendants The Conrad T. Coen Revocable Living Trust dated May 19, 1983, Christopher Coen ("Coen"), Claudia Freedman, and the Trust's appointed receiver, Stephen C. Albery. Before the Court are two motions filed by Coen: (1) a motion for relief from judgment; and (2) a motion for a preliminary injunction while appeal is pending. The Court dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and for the reasons stated below, denies both motions.

# I. Procedural Background

Albery and Coen filed cross-motions for summary judgment in this case. The Court granted Albery's motion and entered judgment in favor of Albery on February 4, 2011. The judgment directed USAA to liquidate the annuity at Albery's request. Coen filed two separate motions for relief from the judgment pursuant to Federal Rule of Civil Procedure 59. The Court denied these motions in an Opinion and Order dated April 22, 2011. On May 23, 2011, Coen filed a notice of his appeal of the Court's ruling to the Sixth Circuit Court of Appeals. That same day, Coen filed with this Court another motion for relief from the judgment and a motion for a preliminary injunction while his appeal is pending.

# II. Motion for Relief from Judgment

Coen's motion for relief from the judgment makes the same arguments raised in his previous motions for relief from the judgment. Coen argues that USAA is free to accept or reject Albery's request to liquidate the annuity. The Court's April 22, 2011 Opinion and Order expressly rejected this argument. Because USAA agreed that it would honor a liquidation request from Coen, and Albery may act in Coen's place pursuant to the probate court's order, USAA must honor Albery's request. The Court again rejects Coen's argument and accordingly denies his motion for relief from the judgment.

# III. Motion for Preliminary Injunction

## A. Standard of Review

Coen seeks to prevent liquidation of the annuity while his appeal is pending, arguing that the annuity's monthly payments are his only income source. "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an

2

injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c).  In deciding whether to stay its judgment, the Court considers: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.  *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 2119 (1987).

**B. Application**

    **1. Likelihood of Success on the Merits**

"[A] movant seeking a stay pending review on the merits of a district court's judgment will have greater difficulty in demonstrating a likelihood of success on the merits." *Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

> To justify the granting of a stay, however, a movant need not always establish a high probability of success on the merits.  The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay.  Simply stated, more of one excuses less of the other.  This relationship, however, is not without its limits; the movant is always required to demonstrate more than the mere possibility of success on the merits.  For example, even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the defendant if a stay is granted, he is still required to show, at a minimum, serious questions going to the merits.

*Id.* (citations and quotations omitted).

    Coen has not made a strong showing that he is likely to succeed on the merits of his appeal.  His motion for a stay pending appeal raises no legal arguments, and the Court has already considered and rejected on multiple occasions the arguments raised in his motion

3

for relief from the judgment. The Court concludes that Coen has not demonstrated serious questions going to the merits of this case.

### 2. Irreparable Harm

In evaluating whether irreparable harm will occur if a stay is not granted, courts consider: (1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided. *Id.* at 154. The Supreme Court has provided guidance with respect to this inquiry:

> The key word in this consideration is *irreparable*. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

*Sampson v. Murray*, 415 U.S. 61, 90, 94 S. Ct. 937, 953 (1974). "[T]he harm alleged must be both certain and immediate, rather than speculative or theoretical." *Griepentrog*, 945 F.2d at 154. "In order to substantiate a claim that irreparable injury is likely to occur, a movant must provide some evidence that the harm has occurred in the past and is likely to occur again." *Id.*

Coen claims that he will suffer irreparable harm from the liquidation of the annuity, as he has relied on the annuity's monthly payments to cover his basic needs since April 2009. Coen Aff. ¶¶ 3, 6. There is no indication that such a loss would be irreparable. "[T]he temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury." *Sampson*, 415 U.S. at 90, 94 S. Ct. 952-53. The Court has also noted that the annuity was funded with checks totaling $170,846.27. 12/30/10 Op. & Order at 2. The Oakland County Probate Court ordered liquidation of the annuity so that Coen could

4

make payment of $18,693.75 to the Conrad T. Coen Revocable Living Trust. *Id.* at 2-3. There has been no indication that Coen will be unable to invest any remaining funds after satisfying his obligation, or that the remaining funds will be insufficient to provide for his needs while his appeal is pending. While Coen asserts that he is disabled due to anxiety and depression, Coen Aff. ¶ 5, he has provided no evidence through which the Court can evaluate the severity of his conditions and his likelihood of being able to obtain other income. The Court concludes that Coen has failed to establish irreparable harm with a sufficient degree of certainty to justify a stay of the judgment.

### 3. Injury to Other Parties

The only apparent consequence of granting the proposed stay would be a delay in the repayment of certain trust administration expenses. The Court is unaware of any interested party that would be substantially injured by this outcome.

### 4. Public Interest

The Court does not believe that the proposed stay would have any significant impact on the public interest, as this case involves a dispute over money between private parties.

## C. Conclusion

Coen has failed to demonstrate serious questions as to the merits of his case. The Court cannot conclude that he is likely to prevail on appeal. Coen has also failed to show that irreparable injury will result if the judgment is not stayed. The third and fourth factors of the analysis, injury to other parties and the public interest, weigh neither for nor against stay of the judgment. Having considered the four factors listed above, the Court concludes that the judgment should not be stayed. Coen may, of course, request a stay from the

Court of Appeals if he chooses, and Federal Rule of Appellate Procedure 8 provides him with the means for doing so.

### IV. Order

Accordingly,

**IT IS ORDERED** that Christopher Coen's Motion for Relief from Judgment is **DENIED**;

**IT IS FURTHER ORDERED** that Christopher Coen's Motion for Order Granting Preliminary Injunction While Appeal is Pending is **DENIED**.

s/PATRICK J. DUGGAN  
UNITED STATES DISTRICT JUDGE

Copies to:

Ebony L. Duff, Esq.
Stephen C. Albery, Esq.

Christopher Coen
P.O. Box 10743
Fargo, ND 58106